WORTHY et al. v. STATE.

(Division B. Nov. 15, 1937. Suggestion of Error Overruled Nov. 29, 1937.)

[176 So. 713. No. 32930.]

736

M. C. Young, of Aberdeen, for appellants.

**W. D. Conn, Jr.**, Assistant Attorney General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellants, Vardaman Worthy and Noel Conwill, were indicted for the theft of a cow, the property of H. Y.

Johnson, and valued in the indictment at $35; were tried and convicted of petit larceny in the circuit court of Monroe County, and sentenced to pay a fine of $100 and to serve 90 days in jail, from which judgment this appeal is prosecuted.

It appears that Punk Harlow, who testified as a witness for the state, with two others, went at night to the premises of Johnson, took this cow from Johnson's premises, and carried it through the field and around to the paved highway, and there met the appellants, who loaded the cow on a trailer attached to their automobile. Harlow's testimony is to the effect that he stole the cow at the request and for the benefit of the appellants. It also appears that on the following day the cow was butchered and sold to the A. & P. Store for about $18.

The appellants' testimony is to the effect that they bought the cow from Punk Harlow; that he stated to them that he had a cow for sale and was to deliver it on the highway for a named price.

Punk Harlow further testified that after the parties were arrested, and before the preliminary trial was held, they induced him to leave, and he went to Arkansas; they furnishing him the money to do so. This was denied by the appellants. The testimony of Punk Harlow was, to some extent, corroborated in material elements, and was sufficient to warrant the jury in finding the appellants guilty.

It is assigned that the court erred in instructing the jury as follows: "The court charges the jury for the State that it is the law that if two or more persons are engaged in the commission of a crime, then the acts of each in the commission of such crime are binding upon all, and all are equally responsible for the acts of each in the commission of such crime."

This instruction is not an attempt to announce the law of guilt based upon conspiracy, but is intended to state the law as to joint acts in reference to a crime.

There was sufficient evidence to warrant the court to give this instruction, and for the jury to believe that the appellants were acting jointly in the commission of the crime of petit larceny.

We think the law was fairly announced on the trial so as to present its applicability to the facts, and the judgment of the court below will be affirmed.

Affirmed.